## THE HUDSON.

*(District Court, W. D. Pennsylvania.   April 21, 1881.)*

1. HANDS ON STEAM-BOAT — COMPLETION OF VOYAGE — UNLOADING CARGO.

    Libellants were employed as hands on a steam-boat, on a trip from Pittsburgh to Cincinnati and back.  They had nothing to do with the navigation of the boat, but the handling of the cargo was part of their employment.  *Held*, that they had no right to quit the boat as soon as she was fastened to the wharf at Pittsburgh, but that it was their duty to remain and assist in unloading her cargo.

2. SAME—DEDUCTIONS FROM WAGES.

    *Held*, further, that the respondents could deduct from libellants' wages the reasonable sums necessarily paid for the discharge of such cargo.

3. PRACTICE—PAYMENT TO MARSHAL—PAYMENT INTO COURT—COSTS.

In Admiralty.

*Albert York Smith*, for libellant.

*Isaac S. Van Voorhis*, contra.

ACHESON, D. J.   The amount in controversy here is small, but to the libellants who sue for their wages the matter is of consequence.   Moreover, the principle involved is important. The case, therefore, deserves and has received careful consideration.   The better opinion seems to be that unless there is some express or implied agreement or established usage to dispense with their further services, seamen are bound to remain with the ship upon the completion of the voyage and assist in the delivery of her cargo, if made in a reasonable time.    1 Conk. Adm. 131;  *Dixon* v. *The Cyrus*, 2 Pet. Adm. 413;  *Cloutman* v. *Tunison*, 1 Sumn. 377.

Here, there were no shipping articles or express contract. The libellants were employed as hands on the steam-boat Hudson, on a trip from Pittsburgh to Cincinnati and back.   They had nothing to do with the navigation of the boat, but the handling of the cargo was part of their employment.   Under the evidence, I think, they had no right to quit the boat as soon as she was fastened to the wharf at Pittsburgh, but that it was their duty to assist in unloading her.   This they ob-

stinately refused to do, and the respondents were compelled to hire laborers to take their places and perform their work in discharging the cargo. The respondents had a right to pursue this course and deduct the necessary sums paid these laborers from the libellants' wages. 1 Conk. 131. After the boat was unloaded a tender was made to the libellants of their wages, less the reasonable sums paid the laborers who performed the libellants' work. The libellants refused the tender, and subsequently filed their libel in this case. Upon service of process the respondents (under protest) paid to the marshal the amount claimed by the libellants, and the costs up to that time, and the marshal paid the money into court. It would have been more regular had the respondents, under leave granted, paid the amount of wages tendered into court at the time their answer was filed, in support of the tender set up in their answer. But, substantially, this was done, for the marshal had paid the money into court before answer filed.

Under the proofs in the case, I am of opinion that the libel must be dismissed, with costs.